# EXHIBIT D



Financial Crimes Enforcement Network
U.S. Department of the Treasury

*Washington, D.C. 20220*

July 25, 2024

Thomas M. Skiba
Chief Executive Officer
Community Associations Institute
6402 Arlington Blvd.
Suite 500
Falls Church, VA 22042

Subject: Request for Exemption to the Corporate Transparency Act's Reporting Requirements for Certain Community Associations

Dear Mr. Skiba:

Thank you for your letter to the Financial Crimes Enforcement Network (FinCEN) dated December 28, 2023, on behalf of the Community Associations Institute (CAI). Your letter requests an exemption for a category of entities—certain community associations, such as homeowners associations, condominium associations, and housing cooperatives (collectively, "HOAs")—from the obligation to report beneficial ownership information ("BOI") to FinCEN under the Corporate Transparency Act (CTA).[1]

As you are aware, FinCEN issued implementing regulations at 31 CFR 1010.380 to implement the BOI reporting requirements of the CTA.[2] Among other things, the regulations set forth the definition of a "reporting company," and specify what information such entities must report to FinCEN. The regulations also set forth 23 exemptions at 31 CFR 1010.380(c)(2) that describe categories of entities that are not included in the reporting company definition and which, consequently, are not required to report their BOI. These exemptions are closely based on the 23 statutory exemptions enumerated in the CTA.[3]

HOAs are not specifically listed within these exemptions. Therefore, if an HOA otherwise meets the definition of a "reporting company" and does not meet the criteria set out in one of the 23 exemptions, it is required to report BOI to FinCEN under the CTA and its implementing regulations, 31 CFR 1010.380.

---

[1] The CTA is Title LXIV of the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021, Public Law 116-283 (Jan. 1, 2021). Division F of the NDAA is the Anti-Money Laundering Act of 2020, which includes the CTA at section 6403. The CTA is codified at 31 U.S.C. 5336.
[2] *See generally* FinCEN, Beneficial Ownership Information Reporting Requirements, 87 FR 59498 (Sept. 30, 2022).
[3] 31 U.S.C. 5336(a)(11)(B).

Thomas M. Skiba

July 25, 2024                                                                                                                   Page 2

Under the CTA, the Director of FinCEN[4] is authorized to exempt a "class of entities" from the BOI reporting requirements in certain circumstances by excluding them from the definition of a reporting company.[5] In order to exempt a class of entities, the CTA requires the issuance of a regulation by which FinCEN determines that requiring BOI from such entities:

- would not serve the public interest; and
- would not be highly useful in national security, intelligence, and law enforcement agency efforts to detect, prevent, or prosecute money laundering, the financing of terrorism, proliferation finance, serious tax fraud, or other crimes.[6]

The written concurrence of the Attorney General and the Secretary of Homeland Security is also required.

FinCEN is considering your request to exempt a class of HOA entities, pursuant to the above legal requirements. In the meantime, however, as stated previously, unless an entity qualifies for an exemption found at 31 CFR 1010.380(c)(2), it may be considered a reporting company that must report its BOI to FinCEN. Additional information may be found on FinCEN's BOI website at https://www.fincen.gov/boi.

Sincerely,

*Jimmy Kirby*

Jimmy Kirby
Deputy Director

---

[4] The authority of the Secretary of the Treasury to administer the Bank Secrecy Act has been delegated to the Director of FinCEN. Treasury Order 180-01 (Jan. 14, 2020), *available at* https://home.treasury.gov/about/general-information/orders-and-directives/treasury-order-180-01.
[5] 31 U.S.C. 5336(a)(11)(B)(xxiv).
[6] *Id.*

Exhibit D