IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| COMMUNITY ASSOCIATIONS INSTITUTE, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Case No. 1:24cv1597 (MSN/LRV) |
| JANET YELLEN, Secretary of the United States Department of the Treasury, *et al.*, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## **JOINT MOTION TO STAY PROCEEDINGS**

Pursuant to this Court's inherent authority, the parties, through their undersigned counsel, hereby respectfully submit this joint motion to stay the proceedings in the above-captioned action pending resolution of Plaintiffs' interlocutory appeal to the United States Court of Appeals for the Fourth Circuit. The grounds for this motion are as follows:

1. On September 10, 2024, Plaintiffs filed this action challenging application of the Corporate Transparency Act ("CTA"), 31 U.S.C. § 5336, to "community associations." Dkt. 1. The same day, Plaintiffs filed a motion for preliminary injunction. Dkt. 13.

2. The parties fully briefed Plaintiffs' motion, and on October 11, 2024, the Court held a hearing on the motion. Dkt. 35, 38, 39. Thirteen days later, on October 24, 2024, the Court issued a memorandum opinion and order denying Plaintiffs' motion. Dkt. 40.

3. Plaintiffs have determined to take an interlocutory appeal from the Court's ruling pursuant to 28 U.S.C. § 1292(a)(1). *See* Dkt. 41. To conserve the Court's and the parties' resources during the pendency of this appeal, the parties jointly request that the Court stay all further proceedings in this Court until the appeal is resolved.

4. "A district court has the 'inherent power' to stay a pending action to ensure both the 'efficient management of [its] docket[],' as well as 'economy of time and effort for itself, for counsel, and for litigants.'" *Hawley v. Johnson & Johnson*, 2011 WL 7946243, at *1 (E.D. Va. Apr. 29, 2011) (quoting *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When evaluating a motion to stay, a court should consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and] (3) potential prejudice to the non-moving party." *Sehler v. Prospect Mortg., LLC*, 2013 WL 5184216, at *2 (E.D. Va. Sept. 16, 2013) (internal quotation marks omitted); *see also Hawley*, 2011 WL 7946243, at *1 ("When determining whether a stay is appropriate, a district court must 'weigh competing interests and maintain an even balance.'" (quoting *Landis*, 299 U.S. at 255)). In general, the decision of whether to stay a case "lies within the sound discretion" of the court. *See Fisher v. United States*, 2013 WL 6074076, at *4 (E.D. Va. Nov. 18, 2013).

5. Here, each factor articulated in *Sehler* weighs in favor of a stay. Because this motion is submitted jointly by the parties, there is no potential prejudice to any party if the stay is granted. In the interests of judicial economy, a stay would avoid the unnecessary and burdensome expenditure of the parties' and this Court's resources that would be required to adjudicate the numerous claims and issues presented in this action, particularly since the issues on appeal "will likely have a direct impact on the future course of the case, including on the next decisions this Court must make." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 732-33 (D. Md. 2018) (granting stay where decision in pending appeal "would likely simplify this Court's task in resolving" a dispositive motion). Moreover, no hearings are presently scheduled in this action, and there are no pending deadlines (other than Defendants' initial response to the complaint pursuant to Rule 12(a)); therefore, a stay would not affect any current proceedings in this Court.

6.  This joint motion is being filed in lieu of a motion to dismiss (or a responsive pleading), which presently is due on November 12, 2024. Should the Court deny this motion, Defendants respectfully request that they be permitted to file their initial response to the complaint by that date, or within seven (7) days of this Court entering such denial, whichever is later.

7.  A proposed order is provided for the convenience of the Court.

8.  The parties waive hearing on this joint motion.

Dated: November 6, 2024

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____/s/_____
PETER B. BAUMHART
KIRSTIN K. O'CONNOR
Assistant United States Attorneys
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:   (703) 299-3738/3799
Fax:   (703) 299-3983
Email: peter.baumhart@usdoj.gov
       kirstin.o'connor@usdoj.gov

*Counsel for Defendants*

By: ___/s/ Damon W.D. Wright___
DAMON W.D. WRIGHT
CLAIR E. WISCHUSEN
Gordon Rees Scully Mansukhani LLP
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
Tel:   (202) 399-1009
Fax:   (202) 800-2999
Email: dwright@grsm.com
       cwischusen@grsm.com

*Counsel for Plaintiff Community Associations Institute*

BRENDAN BUNN
Chadwick, Washington, Moriarty,
Elmore & Bunn, P.C.
3210 Jermantown Road, Suite 600
Fairfax, VA 22030
Tel:   (703) 352-1900
Fax: 703-352-5293

*Counsel for Plaintiffs Canterbury Crossing Condominium Trust, Townhouse Green Cooperative, Terraces on Memorial Homeowners Association, Farrcroft Homeowners Association, Regency at Ashburn Greenbrier Condominium Association*

EDMUND ALLCOCK (*Pro Hac Vice*)
Allcock & Marcus, LLC

3

10 Forbes Road, Suite 400W
Braintree, MA 02184
Tel: 781-884-1660
ed@amcondolaw.com

*Attorneys for Canterbury Crossing Condominium Trust*